**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARY NASH,**

              **Plaintiff,**

**-vs-**                                                           **Case No. 6:09-cv-382-Orl-28GJK**

**MIGUEL A. MEDINA, M.D., P.A.,**

              **Defendant.**

_____

## ORDER

Plaintiff, who is deaf, alleges that Defendant violated § 504 of the Rehabilitation Act, 29 U.S.C. § 794, which provides in part that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Plaintiff asserts that after receiving medical services at the Defendant's office on two occasions, Defendant sent her a letter informing her that it "will no longer be available to render professional medical services to" Plaintiff. (Compl. ¶ 16).

Plaintiff contends that Defendant's refusal to provide medical services to her is because of her deafness and because of Defendant's unwillingness to provide her with an interpreter as required by the Rehabilitation Act. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant has filed a Motion to Dismiss (Doc. 6), to which Plaintiff has responded

(Doc. 8). Having considered the parties' submissions and pertinent law, the Court concludes that Defendant's motion must be denied.

Defendant raises three arguments in its motion, but each of these is rejected. First, Defendant avers that Plaintiff has not alleged sufficient facts to demonstrate the applicability of the Rehabilitation Act because Defendant operates a private medical office and the Act requires receipt of "Federal financial assistance" for a private entity to be subject to the Act. However, Plaintiff has alleged that Defendant receives such assistance via receipt of Medicare and Medicaid payments for its services, (Compl. ¶ 7), and such receipt has been recognized as sufficient to satisfy the "Federal financial assistance" requirement. See, e.g., United States v. Baylor Univ. Med. Ctr., 736 F.2d 1039, 1042-49 (5th Cir. 1984). Second, Defendant asserts that a physician does not have a duty to continue treating any particular patient. While this may be true, it does not entitle Defendant to dismissal of Plaintiff's claim. Plaintiff alleges that Defendant stopped treating her because of her disability and that therefore she has been denied the benefits of Defendant's services because of her disability. Thus, even though Defendant may not have a duty to treat everyone, it is prohibited by the Rehabilitation Act from discriminating against Plaintiff—and others with a disability—because of such disability.

Finally, Defendant contends that intentional discrimination must be shown in order for Plaintiff to recover damages, and Defendant avers that Plaintiff has not alleged conduct by a "policymaker" that resulted in a violation, citing Saltzman v. Board of Commissioners of the North Broward Hospital District, 239 F. App'x 484 (11th Cir. 2007). Saltzman, however, was resolved at the summary judgment stage of the case, did not involve the adequacy of

pleading, and is otherwise unhelpful to the resolution of the instant motion to dismiss. Plaintiff has adequately alleged intentional discrimination. The issue of the reason for Defendant's termination of its provision of services to Plaintiff cannot be resolved on a motion to dismiss, and the claim of discriminatory treatment in violation of the Rehabilitation Act has been sufficiently pled.

In accordance with the foregoing, the Motion to Dismiss (Doc. 6) filed by Defendant is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 27th day of May, 2009.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party