IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

MARY NASH                                                    CASE NO: 6:09-CV-382-Orl-28GJK

Plaintiff,

  v.

MIGUEL A. MEDINA, M.D., P.A.

Defendant.
_____/

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff, MARY NASH, by and through undersigned counsel, hereby files her Reply to Defendants Objection to Plaintiff's Motion for Summary Judgment, and states this reply is limited to two issues (1) the impermissible reliance on hearsay to substantiate its opposition to Plaintiff's Motion for Summary Judgment; and (2) the use of an incorrect standard based on profits and losses to determine undue financial burden, if applicable.

**I.  The non-movant cannot use hearsay statements to oppose a summary judgment.**

In response to Plaintiff's Motion for Summary Judgment, the Defendant attempts to use purely inadmissible hearsay evidence to rebut the Plaintiffs claims of discrimination and retaliation.  This was emphasized to the extent that these statements on page 11 and 12 were the only sentences or phases **bolded and underlined** in Defendant's Memorandum.  The defendant relies on claims that Dr. Medina's Office Manager spoke to Dr. Medina regarding **all** of the defenses in this litigation when she was transcribing the letter attached to Plaintiff's motion for summary judgment as Exhibit "I".  This letter says nothing of any of the reasons, and in fact,

gives no reason at all for the discharge.  Further, when Ms. Nash called Ms. Bathel on the telephone, and despite pleading by Ms. Nash, Ms. Bathel refused to give any reason and laughed at Ms. Nash.  See TTY transcript as Exhibit "J".  The letter and the recorded transcript of the conversation are admissible business records and admissions, respectively.  Ordinary self-affirming statements between plaintiff's employees to establish the truth of the fact of the matters asserted is textbook hearsay.

The conversations that Ms. Barthel alleges to have had with Dr. Medina are inadmissible as hearsay with no exclusion.  See Fed.R.Evid. 801.  Rule 56(e) provides that affidavits supporting and opposing motions for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Testimony must be based on personal knowledge and must set forth the facts in a manner that would be admissible in evidence. <u>Mustfov v. Superintendent of Chicago Police Department</u>, 733 F. Supp. 283, 286-87 (N.D. Ill. 1990)(court striking portions of deposition not based on actual knowledge); see also, <u>Johnson v. Scotty's, Inc</u>., 119 F.Supp.2d 1276, 1281 (M.D. Fla. 2000)(district court struck those portions of affidavits that were not based on personal knowledge, that contained hearsay, or that amounted to opinion testimony by lay witness.)

> **II.    The Defendant used the incorrect standard for determination of undue financial burden, as it used overall economic losses rather than revenue.**

While Plaintiff contends that the financial resources of the Defendant are irrelevant when the issue is rejection from the practice and not merely denying an accommodation, the Defendant gives the Plaintiff and the Court a snapshot and testifies about practice prior to receiving his first Medicare payment in approximately the middle of July 2008.  See Dr. Medina's deposition, p.

54. It is axiomatic that any small business, unless the owner is independently wealthy, will operate his business on borrowed money in the expectation that such loans will be reimbursed as accounts receivables are collected. There is no exemption for new businesses in the law, and there is no bar to using borrowed money for any business expense.

However, when looking at Defendant's exhibit "E", it demonstrates that Dr. Medina's testimony is without merit, and it was a matter of choice rather than necessity that Dr. Medina decided to discharge his patient, especially when Dr. Medina started his own practice in March of 2008. Medina Deposition, p. 14. The defendant claimed that he stopped paying himself a salary (p. 10), yet Exhibit E states that he paid himself a salary of over $ 49,000, until July 31, 2008, and he continued to pay himself $11,539.20 and $5,770.60 in August and September respectively. This does not include health insurance deductions. Dr. Medina claimed that he stopped doing dictation absolutely, but in August 2008, spent $ 1,519 on transcriptions. In his practice, in six months, from March to August 31, 2008, Dr. Medina had $ 164,139.51 in collectables, and had income of 96,802.61, of which Dr. Medina paid himself approximately 2/3 of such amount.

In determining the "overall financial resources" under 42 U.S.C. § 12181(9), courts have looked at either revenues or capital of an organization. Ordinarily, the definition of "overall financial resources" is not at issue. However, when it is at issue, courts review the defendant corporation's overall **revenues**. See, e.g. Parr v. L & L Drive-Inn Restaurant, 96 F. Supp. 2d 1065, 1088 (D.HI 2000); Emerick v. Kahala L & L, Inc., 2000 U.S. Dist. LEXIS 7374 (D.HI 2000); Eckert v. Donahue Schriber Co., 2003 U.S. Dist. LEXIS 27023 (E.D.CA 2003). Where revenues are not used, a court has used the available capital of a company. For example, in Todd v. American Multi Cinema, 2003 U.S. Dist. LEXIS 25317 (S.D. Tx. 2003), the Court found that

providing captioning for the deaf on first run movies would not be reasonable, based in part on the cost of purchasing and installing the necessary equipment for all of the theaters they own would greatly exceed their capital.

Notably, the defendant focuses on the economic losses of his practice, which is a fungible number, as Dr. Medina could choose to pay himself or his staff more or less, or decide to pay more or less on an expense item.  As such, the number to use is the amount of revenues to determine whether $62.50 is an undue burden on a business with a $100,000 of collected revenues over six month period, not including over 60,000 of receivables.

WHEREFORE, Plaintiff MARY NASH, respectfully requests that this Court enter an Order granting the Plaintiff's Summary Judgment and hold a jury trial to assess damages, and any and all other relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY certify that I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system to Mary Jay Hall, Esq., McEwan, Martinez & Dukes, P.A., P.O. Box 753, Orlando, Florida 32802-0753 and Aaron Bates, Esq., The Maher Law Firm, P.A., 631 W. Morse Blvd., Suite 200, Winter Park, FL  32789 on this 10th day of May, 2010.

> Law Offices of Matthew Dietz, P.L.
> Attorney for Plaintiff
> 2990 Southwest 35th Avenue
> Miami, Florida 33133
> Telephone:  (305) 669-2822
> Facsimile:  (305) 442-4181
>
> By: /s/ Matthew W. Dietz
>    Matthew W. Dietz, Esq.
>    FL BAR NO.:  0084905